UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

VICTOR ROBERT BROWN,

    **Plaintiff,**

v.                                  Case No. 12-CV-1215

JON M. COUNSELL,

    **Defendant,**

## DECISION AND ORDER

Plaintiff filed a pro se complaint under 42 U.S.C. § 1983 on November 30, 2012. In an order entered December 4, 2012, I directed plaintiff to pay an initial partial filing fee of $2.60 on or before December 25, 2012. Plaintiff filed a letter asserting that he is unable to pay the initial partial filing fee.

The court has reviewed plaintiff's prison trust account statement. It covers less than a month and a half instead of the six months normally used and reflects a start and end balance of zero. Also, the calculations are skewed by $20.00 plaintiff received within a week of his arrival, even though the entire $20.00 was deducted from plaintiff's account the same day it was received. A prisoner will not be prohibited from bringing a civil action for the reason that he lacks the assets and means to pay an initial partial filing fee. 28 U.S.C. § 1915(b)(4). I will waive the initial partial filing fee and grant plaintiff's motion for leave to proceed in forma pauperis, but plaintiff is still obligated to pay the full filing fee pursuant to the statutory formula set forth in 28 U.S.C. § 1915(b)(2). See 28 U.S.C. § 1915(b)(1).

I am required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

I must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In his complaint, plaintiff names Clark County Circuit Court Judge Jon M. Counsell as the only defendant. He disputes the calculation of his sentence and submits that Judge Counsell did not acknowledge his requests for concurrent time and for a hearing to prove his innocence in Case No. 11-CF-95. Plaintiff describes his legal theories as denial of access to the courts and denial of a request to appeal the case and prove his innocence, but the relief he requests is an appeal in Case No. 11-CF-95 to prove his innocence and the appointment of a public defender. This is not relief that can be granted in a § 1983 action.

Any challenge to a conviction or sentence must be brought as a petition for a writ of habeas corpus. Consequently, at this time, I am dismissing this action without prejudice but making no decision on the ultimate merits of plaintiff's claims. See Glaus v. Anderson, 408 F.3d 382, 389-90 (7th Cir. 2005). If plaintiff so chooses, he may file a petition for a writ of habeas corpus. I caution plaintiff that filing such a petition will probably have certain consequences. Id. at 390.

Therefore,

**IT IS ORDERED** that, pursuant to 28 U.S.C. § 1915(b)(4), plaintiff will not be required to pay an initial partial filing fee.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket #2) is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel (Docket #7) is **DENIED AS MOOT**.

**FINALLY, IT IS ORDERED** that the Clerk of Court shall enter final judgment.

Dated at Milwaukee, Wisconsin, this 29th day of January, 2013.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge